UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES III,

    Plaintiff,

v.                                                Case No.  23-10128

ADOBE,                                Sean F. Cox
                                                  United Stated District Court Judge

    Defendant.
_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR IMPROPER VENUE

In Civil Action Number 20-12907, the Honorable Gershwin A. Drain enjoined David Angel Sifuentes ("Sifuentes") from "initiating a new civil action (other than a habeas corpus petition)" asserting a violation of his due process rights during his state court trial and convictions for third degree criminal sexual conduct and furnishing alcohol to a minor, "without seeking and obtaining leave of the Court." (ECF No. 21 in Case No. 20-12907).

On or about January 13, 2023, Sifuentes filed a motion seeking leave to file a complaint in this Court asserting claims against Defendant Adobe for an alleged data breach.  This is one of two civil lawsuits that Sifuentes sought to file in this district on January 13, 2023.[1]  The other suit filed by Sifuentes in this district on January 13th, *Sifuentes v. Pluto TV*, Civil Action Number 23-cv-10129, was dismissed by the Honorable Linda V. Parker in an Opinion and Order issued on January 19, 2023.

---

[1]During the month of December, 2023, Sifuentes also filed seven civil lawsuits in the United States District Court for the Western District of Michigan.

1

In an Order issued by Judge Drain in Miscellaneous Case Number 23-mc-50027, Judge Drain granted Plaintiff leave to file his complaint against Defendant Adobe. Thereafter, this civil action was open and assigned to the undersigned judge.

Having reviewed Plaintiff's complaint, the undersigned judge concludes that this action should be dismissed without prejudice for improper venue, for the same reasons articulated by Judge Parker. In her opinion and order, Judge Parker explained:

> Venue in a civil action is governed by 28 U.S.C. § 1391(b). The statute provides:
>
> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.
>
> 28 U.S.C. 1391(b). Congress has instructed district courts to dismiss, or in the interest of justice transfer, a case filed in the wrong division or district. 28 U.S.C. § 1406(a). The decision to dismiss or transfer a case under this section lies within the court's sound discretion. *Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 648 (6th Cir. 2016) (citing *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998)).
>
> While courts generally refrain from sua sponte dismissing an action for improper venue, such dismissal is properly within the court's discretion in certain circumstances. *Johnson v. Christopher*, 233 F. App'x 852, 853-54 (10th Cir. 2007) (affirming district court's sua sponte dismissal without prejudice pursuant to § 1406(a) when proper venue was located in the Northern District of Oklahoma and case was filed in the Eastern District of Oklahoma in lieu of transferring action); *Davis v. Reagan*, No. 88-6419, 1989 WL 40200 at *1 (6th Cir. 1989) (affirming sua sponte pre-service dismissal on grounds of improper venue in case


> filed in Tennessee, where proper venue was in the Western District of Pennsylvania); *Day v. City of Galveston*, 480 F. App'x 119, 121 (3d Cir. 2012) (sua sponte dismissal for improper venue harmless error when there is no conceivable basis for venue in the Eastern District of Pennsylvania and there is no indication that transferring instead of dismissing might be in the interests of justice); *Nation of Islam v. Penn. Dep't of Corr.*, No. 12-82, 2012 WL 529546 at *2 (W.D. Pa. Feb. 1, 2012) (report and recommendation that case be sua sponte transferred from the Western District of Pennsylvania to the Middle District of Pennsylvania on grounds of improper venue), *adopted in* 2012 WL 529238 (W.D. Pa. Feb. 17, 2012). Decisions, including those cited above, reflect that sua sponte dismissals occur even in actions brought by pro se plaintiffs, who normally receive the benefit of liberal pleading construction. *Id.* Courts also have held that an action may be dismissed under 28 U.S.C. § 1915 when improper venue is "obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006); *see also Lea v. Warren Cnty.*, No. 16-5329, 2017 WL 4216584, at *2 (6th Cir. May 4, 2017) (affirming district court's sua sponte dismissal for improper venue). From the face of Plaintiff's Complaint, venue in this District is improper.
>
> Plaintiff's Complaint reflects that he resides in Grand Rapids, Michigan. Grand Rapids is in Kent County, which is within the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). The Complaint also reflects that Defendant is a California corporation headquartered in West Hollywood, California. No action or injury appears to have occurred in this District. Even under a liberal reading of Plaintiff's Complaint, his allegations have no relationship to this District.
>
> Therefore, the Court concludes that venue is improper and is **DISMISSING WITHOUT PREJUDICE** Plaintiff's Complaint. Plaintiff may refile the Complaint in a proper venue.
>
> **SO ORDERED**.

*Sifuentes v. Pluto TV*, No. 23-cv-10129 (E.D. Mich. Jan. 19, 2023).

Like the complaint filed in that case, the Complaint Plaintiff filed in this case reflects that Plaintiff resides in Grand Rapids, Michigan, which is within the Western District of Michigan. Plaintiff's Complaint in this action alleges that Defendant Adobe is a California corporation that is headquartered in San Jose, California. (*See* Compl., ECF No. 1, at PageID.3 and PageID.9). Based on the face of the Complaint, Plaintiff's allegations have no relationship to this District and venue is improper.

Accordingly, the Court **ORDERS** that this action is **DISMISSED WITHOUT PREJUDICE** for improper venue.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: January 26, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 26, 2023, by electronic and/or ordinary mail.

s/J. McCoy
Case Manager